UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
ALANNA STONE,                                   :
                                                :
                      Plaintiff,                :   13-CV-0484 (TPG)
                                                :
         – against –                            :   **Opinion**
                                                :
THE NATIONAL RAILROAD PASSENGER                 :
CORPORATION, et al.                             :
                                                :
                      Defendants.               :
------------------------------------------------x

   Following her March 2014 trial, plaintiff Alanna Stone filed a motion for attorneys' fees. Stone seeks $469,893 in fees; $27,742 in costs; and interest on those amounts.

## Facts

   Stone brought this action against Amtrak Police Officers Joseph Nativo and Timothy Proudman in connection with her arrest in New York Penn Station on January 21, 2012. The trial lasted six days. At trial, Stone sought recovery under several legal theories, including false arrest, unjustifiable and excessive force, malicious prosecution, abuse of process, and violation of the First Amendment right to free speech and petition for redress of grievances. The court only instructed the jury on the claim for false arrest and excessive force against Nativo.

   After deliberating, the jury found that Nativo unlawfully arrested Stone but did not use excessive force. Although Stone sought

compensatory and punitive damages in the six-figure range, the jury only awarded Stone $15,000 in compensatory damages.

Three attorneys prepared Stone's case for trial: Robert Herbst, Elizabeth Shura, and Amanda Masters.

## Discussion

Under 42 U.S.C. § 1988, the court may, in its discretion, award reasonable attorneys' fees and costs to a party who proves a constitutional violation in an action pursuant to 42 U.S.C. § 1983. In order to qualify for attorneys' fees under § 1988, a plaintiff must be a "prevailing party," which means that she must have obtained "at least some relief on the merits" of her claim. See Farrar v. Hobby, 506 U.S. 103, 111 (1992).

The most critical factor in a district court's determination of what constitutes reasonable attorneys' fees in a given case is the degree of success obtained by the plaintiff. Finch v. New York State Office of Children & Family Servs., 861 F. Supp. 2d 145, 152 (S.D.N.Y. 2012). As the Supreme Court has made clear, when a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).

Stone only prevailed on her claim for false arrest, and the jury awarded her $15,000 in compensatory damages. However, her counsel prepared for trial on multiple legal theories, including false arrest, unjustifiable and excessive force, malicious prosecution, abuse of process,

and violation of the First Amendment right to free speech and petition for redress of grievances. Stone also retained five physicians and one physical therapist in support of her claim that she suffered life-altering mental and physical injuries and was thus entitled to high compensatory and punitive damages.

Stone seeks compensation for the time spent in preparing for trial on these various theories. Stone asserts that over 700 hours were devoted to trial preparation by attorneys, and the Court has no doubt that this occurred. And if Stone were to receive compensation for these hours at a reasonable rate, the amount of the fee award would perhaps not be the full $469,893 requested, but it would be, after some reasonable discounting, in the area of $180,000. But the Court believes that such an award is completely out of line with the "critical factor," which is the degree of success. The Court believes that, given the circumstances that have been described, the amount of award for attorneys' fees should be $50,000. The Court will also award $25,000 to cover costs. Interest will not be awarded since § 1988 does not provide for it.

## Conclusion

The Court awards attorneys' fees in the amount of $50,000, and $25,000 to cover costs. This opinion resolves item number 51 on the docket.

SO ORDERED

Dated: New York, New York
September 10, 2014

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 13-cv-0484
DATE FILED: 9/10/2014